ERIC A. SEITZ
ATTORNEY AT LAW
A LAW CORPORATION

| | |
|---|---|
| ERIC A. SEITZ | 1412 |
| DELLA A. BELATTI | 7945 |
| GINA SZETO-WONG | 10515 |
| JONATHAN M.F. LOO | 10874 |
| KEVIN A. YOLKEN | 10987 |

820 Mililani Street, Suite 502
Honolulu, HI 96813
Telephone: (808) 533-7434
Facsimile: (808) 545-3608
E-mails:  eseitzatty@yahoo.com
         daubelatti@yahoo.com
         szetogina@gmail.com
         jloo33138@yahoo.com
         kevinyolken@gmail.com

Attorneys for Plaintiff
HAROLD P. MCSHANE, III

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAROLD P. MCSHANE, III,<br><br>           Plaintiff,<br><br>    vs.<br><br>DEPARTMENT OF PARKS AND RECREATION, CITY AND COUNTY OF HONOLULU; HONOLULU CIVIL SERVICE COMMISSION; JOHN and/or JANE DOES 1-10, and DOE ASSOCIATIONS 1-5, | Civ. No. 20-00244 ACK-WRP<br>(Other Tort Action)<br><br>PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT HONOLULU CIVIL SERVICE COMMISSION'S MOTION TO DISMISS [ECF NO. 21] AND DEFENDANT DEPARTMENT OF PARKS AND RECREATION, CITY AND COUNTY OF HONOLULU'S MOTION FOR JUDGMENT ON THE PLEADINGS, OR IN THE ALTERNATIVE, FOR SUMMARY |

| | |
|---|---|
| Defendants. | JUDGMENT [ECF NO. 22]; CERTIFICATE OF SERVICE<br><br>Motion Hearing:<br>DATE: June 16, 2021<br>TIME: 10:00 AM<br>JUDGE: Honorable Alan C. Kay<br><br>(Trial Date: August 3, 2021) |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT HONOLULU CIVIL SERVICE COMMISSION'S MOTION TO DISMISS [ECF NO. 21] AND DEFENDANT DEPARTMENT OF PARKS AND RECREATION, CITY AND COUNTY OF HONOLULU'S MOTION FOR JUDGMENT ON THE PLEADINGS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT [ECF NO. 22]**

Plaintiff HAROLD P. MCSHANE, III, (hereinafter "Plaintiff"), by and through his undersigned counsel, files this Memorandum in Opposition to Defendant HONOLULU CIVIL SERVICE COMMISSION's Motion to Dismiss [ECF No. 21], and Defendant DEPARTMENT OF PARKS AND RECREATION, CITY AND COUNTY OF HONOLULU's Motion for Judgment on the Pleadings, or in the Alternative, for Summary Judgment [ECF No. 22], pursuant to Rules 7, 18, 12(b), 12(c), and 56 of the Federal Rules of Civil Procedure ("FRCP"). For the reasons set forth below, Defendants' Motions should be denied.

I.     STANDARD OF REVIEW

    A.     Rule 12(b) Motion to Dismiss

FRCP Rule 12(b)(6) provides for dismissal of a complaint for failure to state

2

a claim upon which relief can be granted. A complaint, or portion thereof, should only be dismissed under FRCP Rule 12(b)(6) if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's view. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Hospital Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738 (1976).

   B.   Rule 12(c) Motion for Judgment on the Pleadings

The standard to be applied on a Motion for Judgment on the Pleadings under FRCP Rule 12(c) is essentially the same as that applied to a Motion to Dismiss for failure to state a claim under FRCP Rule 12(b)(6): judgment is appropriate when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law. *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990).

The standard for a 12(b)(6) motion contains a "powerful presumption against rejecting pleadings for failure to state a claim" and prevents courts from granting motions to dismiss absent exceptional circumstances. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). This is particularly true in civil

rights cases, where the Ninth Circuit has "rejected the concept of a 'heightened pleading standard,'" concluding that instead "federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later." *Id.* (*quoting Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-69 (1993)).

In evaluating the sufficiency of a complaint, "[t]he issue is not whether a plaintiff will ultimately prevail but whether [he or she] *is entitled to offer evidence to support the claims*. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)(**emphasis added**), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982).

A court may not dismiss a complaint in which plaintiff has alleged enough facts, taken as true, to state a claim to relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). Rather, a court may dismiss a claim "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). In ruling on a motion to dismiss, courts are bound to take all material allegations in a complaint as true, "even if [the allegations are] doubtful in fact," *Twombly*, 127 S.Ct. at 1965, and construe them in the light most favorable to the plaintiff. *Parks Sch. Of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir.

1995). Finally, Defendants bear the burden of showing that the complaint's allegations are insufficient to state a claim. *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 178 (3rd Cir. 2000).

    C.    <u>Rule 56 Motion for Summary Judgment</u>

The purpose of summary judgment is appropriate if the "pleadings, discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265(1986), Fed.R.Civ.P. 56(c). "A fact is 'material' when, under the governing substantive law, it could affect the outcome of the case. A 'genuine issue' of material fact arises if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Thrifty Oil Co. v. Bank of Am. Nat'l Trust & Sav. Ass'n*, 322 F.3d 1039, 1046 (9th Cir. 2003)(*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

The moving party has the burden of persuading the court as to the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323; *Miller v. Glen Miller Prods., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006). The moving party may do so with affirmative evidence or by "'showing' – that is pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case" *Celotex*, 477 U.S. at 325. If "reasonable minds could differ as to the import of the

evidence," summary judgment will be denied. *Anderson*, 477 U.S. at 250-51.

## II. COUNTERSTATEMENT OF FACTS

On July 24, 2017, Plaintiff started work as a grounds keeper for Defendant DEPARTMENT OF PARKS AND RECREATION, CITY AND COUNTY OF HONOLULU (hereinafter "Defendant DPR"). *See* ECF No. 23, Defendant DPR's Separate Concise State of Facts in Support of its Motion for Judgment on the Pleadings, or in the Alternative, for Summary Judgment [ECF No. 23](hereinafter "DPR's CSOF") at No.1; and Plaintiff's Separate Concise Statement of Facts in Opposition to Defendant DPR's Motion for Judgment on the Pleadings, or in the Alternative, for Summary Judgment (hereinafter "Plaintiff's CSOF") at No.1.

On August 1, 2017, after four days of work, Plaintiff was escorted from his work site and placed on leave without pay based on allegations that he had engaged in disruptive behavior. *See* DPR's CSOF at No.2; Plaintiff's CSOF at No.2. Plaintiff was fired without cause from his job with Defendant DPR and was formally terminated on August 28, 2017. *See* DPR's CSOF at 3; Plaintiff's CSOF at No.3.

On October 20, 2017, Plaintiff appealed his termination *pro se* by filing a "Petition of Appeal" with Defendant HONOLULU CIVIL SERVICE COMMISION (hereinafter "Defendant CSC") and won. *See* Plaintiff's CSOF at Nos.14 & 15. In an order filed on November 27, 2018, Defendant CSC vacated the

termination and ordered that Plaintiff be reinstated with the explicit instruction that "on or before January 2, 2019, DPR shall submit a status report to [Defendant CSC] setting forth the steps taken to comply with the [CSC] decision." Plaintiff's CSOF No.15. Almost immediately after the issuance of Defendant CSC's order, Plaintiff on November 29, 2018, mailed a letter that Defendant CSC admits receiving but does not respond to as "apparent *ex parti* communications." *See* Plaintiff's CSOF at No.16, Plaintiff's Exh. 3, and Defendant CSC's Answer filed herein as ECF No.9, at ¶3. In this letter, Plaintiff requests "[a]s part of my request for justice I would like my loss wages paid to me." Plaintiff's CSOF at No.16

Instead of Defendant CSC responding to Plaintiff's written request, on December 7, 2018, Defendant DPR appealed Defendant CSC's Findings of Fact, Conclusions of Law, Decision and Order in Civil No. 18-1-1967-12 (JHA) to the Hawaii First Circuit Court. *See* Plaintiff's CSOF at No.17.

On or about March 20, 2019, Plaintiff responded *pro se* to Defendant DPR's appeal of Defendant CSC's decision and requested of the Circuit Court that he "be transferred, with justice meaning being offered the same opportunities as the next person **and to receive lost wages taken away from me**." *See* Plaintiff's CSOF at No.18; Plaintiff's Exh.5. Ultimately, Plaintiff secured a favorable ruling in this administrative appeal on July 12, 2019, when the Honorable James H. Ashford ordered "FINAL JUDGMENT, as to all claims (raised by all parties) against all

7

parties, is HEREBY ENTERED. . .**in favor of Harold P. McShane, III (Pro Se Appellee)**" and Defendant CSC, and against Defendant DPR. *See* Plaintiff's CSOF at No.20; Plaintiff's Exh. 7 (**emphasis added**).

Despite this ruling, Defendant CSC again failed to respond to Plaintiff's second request sent on June 20, 2019, in a letter to Defendant CSC again reiterating his request for "lost wages which I believe I am owed[.]" *See* Plaintiff's CSOF at No.19; Plaintiff's Exh.6; and Defendant CSC's Answer at ¶3.

This failure to respond to Plaintiff's repeated requests in writing for lost wages, even despite Judge Ashford's Final Judgment, left Plaintiff frustrated and at his wit's end.  On July 26, 2019, and with Defendant CSC's continued willful ignoring of Plaintiff's request for lost wages, Plaintiff timely filed as a *pro se* litigant within two weeks of Judge Ashford's Final Judgment, a "Claim for Relief." *See* Plaintiff's CSOF at No.21; Plaintiff's Exh.8.  This Claim was assigned to the Honorable Dean E. Ochiai in Civ. No. 19-1-1169-07, *McShane v. Dept. of Parks & Rec., City & Cty. of Hon.*  Although Plaintiff's "Claim for Relief" was not as artful as the pleadings filed by attorneys for Defendant DPR, Plaintiff was consistent and clear in his request to this second Circuit Court that "[m]y only requests. . .**was to be transferred, with justice meaning** being offered the same opportunities as the next person **and to receive lost wages taken away from me**[.]" *See* Plaintiff's CSOF at No.21; Plaintiff's Exh.8, Attachment 2, at p.6 (**emphases added**).

8

On October 28, 2019, Plaintiff was able to secure representation by attorney Eric A. Seitz for a special appearance on Plaintiff's "Claim for Relief" in Civ. No. 19-1-1169-07. *See* Declaration of Eric A. Seitz (hereinafter "EAS Decl."), ECF No. 33-1, at ¶11. At a hearing before the Circuit Court on October 28, 2019, Attorney Seitz argued that there was no real dispute about Plaintiff's entitlement to back pay under the City's applicable rules and regulations, and that it was grossly unfair for opposing counsel to place procedural barriers in the way of a reasonable recovery by a *pro se* plaintiff. *See* EAS Decl. at ¶12. After Judge Ochiai indicated that he was unwilling to consider these concerns, Attorney Seitz advised the Court that Plaintiff would be filing an amended or separate complaint raising these new civil rights and due process issues. *See id.* At the conclusion of this hearing, the Circuit Court ruled that Plaintiff's "Claim for Relief" was denied without prejudice. *See id.* at ¶13; & Plaintiff's Exh.11 at p.4, Dkt No.12.

Consistent with this representation of filing an amended or separate complaint, on May 27, 2020, Plaintiff filed a "Complaint for Damages, Injunction, and Declaratory Judgment; Demand for Jury Trial" herein raising his federal due process claims for the first time against Defendant DPR and newly identified Defendant CSC. *See* EAS Decl. at ¶14.

On March 30, 2021, the Circuit Court in Civ. No. 19-1-1169-07 issued his "Order Granting Defendant's Motion for Summary Judgment on the Pleadings, or

9

in the Alternative, for Summary Judgment Without Prejudice" and specifically noted DPR's Motion "is granted without prejudice **and without any findings of fact**." *See* Plaintiff's CSOF at No. 22; & Plaintiff's Exh.9 (**emphasis added**).

III. <u>ARGUMENT</u>

The twisted and tortured procedural history of this matter reveals a troubling story of sophisticated lawyers pitted against a *pro se* litigant, doing everything possible not to comply with the City and Defendant DPR's clear rules about reinstating a wrongfully terminated employee and paying that employee lost wages and back pay. This situation is the basis for Plaintiff's civil rights due process claim in this lawsuit and and provides this Court the basis for denying Defendants' request for dismissal and summary judgment because Plaintiff "is entitled to offer evidence to support [his civil rights] claims." *Scheuer*, 416 U.S. at 236. Moreover, numerous issues of material facts present themselves to warrant the opportunity for Plaintiff's claims to be considered by a trier of fact. Lastly, *res judicata* and issue preclusion arguably cut in favor of Plaintiff and warrant the remedy in this Court that Plaintiff be awarded his lost wages consistent with the City and Defendant DPR's clear rule that lost wages or back pay be paid to *all* wrongfully investigated and terminated employees.

A. Plaintiff Has Pled Sufficient Facts to Survive Dismissal and Summary Judgment and the Probationary Status of Plaintiff is Irrelevant to the Inquiry as to Whether the City's Section 8-10 Rule Applies to Plaintiff

Plaintiff has alleged sufficient facts to make out a *prima facie* case for his civil rights due process violations, breach of contract, and municipal liability claims against Defendants DPR and CSC (hereinafter collectively "Defendants"), and should be permitted to proceed to discovery and trial to test those allegations.

Although Defendant DPR relies heavily on arguments about Plaintiff's probationary status and on three cases that comment on the rights not afforded probationary employees, these cases are not factually persuasive. In *Ravelo v. Cty. of Hawaii*, 658 P.2d 883 (Haw. 1983), while the Hawaii Supreme Court commented that plaintiffs in *Ravelo* "did not attain membership in the County civil service," the case ultimately turned in favor of plaintiffs because the County had acted wrongfully in promising and then reneging on employment to the detriment of the plaintiffs. 658 P.2d at 887. In that instance, even probationary employees were entitled to bring their claims before triers of fact and the trial court's dismissal was reversed. 658 P.2d at 888.

*Ignacio v. Cty. of Hawaii*, 937 F. Supp. 2d 1220 (D.Haw.2013) is also not persuasive to the extent that plaintiff in that case was an employee with clearly substantiated reasons for his termination and, unlike Plaintiff in this case, the plaintiff in *Ignacio* did not prevail before the Merit Appeals Board – comparable to

to Defendant CSC in this matter. 937 F. Supp. 2d at 1226-1227. Similarly, *In re Jordan K. Griffin* (Dept of the Corp Counsel), Findings of Fact, Conclusions of Law, Decision and Order (Deft CSC, Oct. 26 2016), Defendants try to equate Plaintiff who was fired with only four days on the job to an attorney whose job performance was found substandard at the end of his six-month probationary period. *See* Deft. DPR's Exhibit H at pp.3-7.

      B.    <u>There Are Numerous Genuine Issues of Material Fact related to Plaintiff's Due Process Claim to Warrant Denying Defendants' Motion to Dismiss, Motion for Judgment on the Pleadings, or in the Alternative, Motion for Summary Judgment</u>

Factual questions remain as to why Defendants continue to refuse to implement the City's clear rules that wrongfully investigated and terminated employees should be paid their lost wages. The City's Department of Human Resources Rule §8-10 clearly states that "**[a]n employee** who has been placed on a leave of absence without pay **shall be reinstated without loss of pay and all rights and benefits will be restored as though the employee had not been on leave if the employee is cleared during the investigation or the charge is dropped or not substantiated**." After Plaintiff had albeit *inartfully* argued before Circuit Court Judge Ashford for lost wages *and* Judge Ashford found in favor of Plaintiff with his July 12, 2019 Final Judgment, why did Defendants not implement the City's clear rule that lost wages be paid back to Plaintiff who was "an employee" who was "cleared during the investigation" and where the charges

12

of disruptive behavior and sexual harassment were "not substantiated"? This question, at this early stage of litigation, deserves to be placed before a trier of fact, especially in light of the numerous written requests from Plaintiff in letters dated November 29, 2018, June 20, 2019, and July 16, 2019, when Plaintiff repeatedly requested that Defendant CSC honor his request "to receive lost wages taken away from me" consistent with the City's Rule §8-10. *See* Plaintiff's CSOF at Nos.16, 19, and 21; and Plaintiff's Exhibits 3, 6, and 8. By its own admissions, Defendant CSC acknowledges it received this correspondence but then deliberately did not respond to these letters and clear requests. Defendant CSC's Answer, ECF No.9 at ¶3. There clearly are factual issues as to whether or not Defendant CSC and Defendant DPR were acting arbitrarily and capriciously, with animus towards Plaintiff, and that Plaintiff deserves to place evidence before a trier of fact to support his civil rights claims.

  C. <u>Plaintiff's Claims are not Precluded by *Res Judicata* from Being Litigated Before this Court and *Res Judicata* and Issue Preclusion Arguably Favor Plaintiff's Consistent Request for Lost Wages</u>

Arguably, given that *pro se* Plaintiff has prevailed before every adjudicatory body in this matter—through an administrative hearing before Defendant CSC, appeal of that administrative decision before a Hawaii Circuit Court who entered final judgment in favor of Plaintiff, and a motion before a second Hawaii Circuit Court—there is a compelling argument that *res judicata* and issue preclusion apply

13

in Plaintiff's favor, not Defendants' favor, and warrant the remedy in this Court to order payment of lost wages.

First, *pro se* Plaintiff prevailed before Defendant CSC when it issued its November 17, 2018 "Decision and Order" and essentially concluded that Plaintiff was wrongfully terminated insofar as "(1) DPR failed to provide Plaintiff sufficient time on the job to fairly assess his work performance; and (2) that there was insufficient evidence to support the allegation that Plaintiff engaged in sexual harassment at the workplace." *See* Deft. DPR's CSOF at No.8; Plaintiff's CSOF at No.8.  Defendant CSC then ordered, in relevant part, that Plaintiff "shall be reinstated to the Grounds Keeper position…effective December 17, 2018" and that "on or before January 2, 2019, DPR shall submit a status report to the [CSC] setting forth the steps taken to a comply with the [CSC] decision."  *See* Plaintiff's CSOF at No.15.

Before the CSC's decision could be fully implemented, including the possibility of lost wages being paid to Plaintiff, Defendant DPR challenged Defendant CSC's ruling that was favorable to Plaintiff by appealing the CSC's decision in Civil No. 18-1-1967-12 (JHA).  In this appeal, although Defendants would like to bury the arguments made by a *pro se* litigant, Plaintiff did raise and include in his March 20, 2019, response to Defendant DPR's appeal the issue of lost wages and back pay when he requested of the Circuit Court the remedy "to be

14

transferred, with justice mean[s] being offered the same opportunities as the next person **and to receive lost wages taken away from me.**" See Plaintiff's CSOF at No.18; Plaintiff's Exh.5. Ultimately Defendant DPR's appeal failed and resulted in a "Final Judgment" issued by the Honorable James Ashford on July 12, 2019, where he instructed that "all claims (raised by all parties) against all parties" is entered "in favor of the...*Pro Se* Appellee." See Plaintiff's CSOF at No.20; Plaintiff's Exh.7.

"A document filed *pro se* is 'to be liberally construed'" and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*quoting Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "*[P]ro se* filings, even when 'misbranded,' should be reasonably construed in a manner that 'results in identifying a route to relief, not in rendering relief impossible.'" *Waltrip v. TS Enterprises, Inc.*, 398 P.3d 815, 830, 140 Hawaii 226, 241 (*quoting Mata v. Lynch*, 576 U.S. 143, 151, 135 S.Ct. 2150, 2156 (2015)). "Hawaii's courts and agencies [should] not construe *pro se* filings in a manner that leads to a decision that does not promote access to justice." *Waltrip*, 140 Hawaii at 241.

Applying these principles to the arguments that were raised before and weighed by Judge Ashford in Defendant DPR's appeal of Defendant CSC's Decision and Order in favor of Plaintiff, there is a compelling case that Plaintiff

15

has already prevailed on his claims for wrongful termination and lost wages with Judge Ashford's Final Judgment in favor of Plaintiff, and that Defendants should and can identify the "route to relief" which is payment of Plaintiff's lost wages and back pay.

Finally, in Civ. No. 19-1-1169-07, Defendant DPR attempts to characterize Plaintiff's "Claim for Relief" as a "separate lawsuit" where the issues of probationary status and Defendants' obligation to pay Plaintiff his lost wages was fully litigated. This argument is misleading insofar as the Circuit Court's final "Order Granting Defendant's Motion for Judgment on the Pleadings, or in the Alternative, for Summary Judgment Without Prejudice" specifically stated that the Motion is "granted without prejudice **and without any findings of fact**" making it clear that the Circuit Court's ruling was not a resolution of arguments raised by either Plaintiff or Defendant DPR, nor was it a ruling favorable to Defendant DPR.

IV.     CONCLUSION

Based on the foregoing, Plaintiff requests that Defendant HONOLULU CIVIL SERVICE COMMISSION's Motion to Dismiss and Defendant DEPARTMENT OF PARKS and RECREATION's Motion for Judgment on the Pleadings, or in the Alternative, for Summary Judgment be DENIED.

DATED: Honolulu, Hawaii, <u>   May 26, 2021   </u>.


<u>/s/Eric A. Seitz             </u>
ERIC A. SEITZ
DELLA A. BELATTI
GINA SZETO-WONG
JONATHAN M.F. LOO
KEVIN A. YOLKEN

Attorneys for Plaintiff
HAROLD P. MCSHANE, III