CLARE E. CONNORS          7936
Attorney General of Hawaii

JAMES E. HALVORSON        5457
RICHARD H. THOMASON       5140
Deputy Attorneys General
Department of the Attorney
 General, State of Hawaii
235 South Beretania Street, 15th Floor
Honolulu, Hawai'i  96813
Telephone: (808) 587-2900
Facsimile:  (808) 587-2965
E-Mail:  james.e.halvorson@hawaii.gov
         richard.h.thomason@hawaii.gov

Attorneys for Defendant
HONOLULU CIVIL SERVICE
COMMISSION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAROLD P. MCSHANE, III,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>DEPARTMENT OF PARKS AND RECREATION, CITY AND COUNTY OF HONOLULU; HONOLULU CIVIL SERVICE COMMISSION; JOHN and/or JANE DOE 1-10, and DOE ASSOCIATIONS 1-5,<br><br>　　　　Defendants. | CIVIL NO. CV 20-00244 ACK-WRP<br><br>DEFENDANT HONOLULU CIVIL SERVICE COMMISSION'S REPLY TO [DN 34] PLAINTIFF'S OPPOSITION TO [DN 21] DEFENDANT HONOLULU CIVIL SERVICE COMMISSION'S MOTION TO DISMISS; CERTIFICATE OF SERVICE<br><br><u>Hearing</u><br>Date:　　June 16, 2021<br>Time:　　10:00 a.m.<br>Judge:　 Hon. Alan C. Kay<br><br>Trial:　　June 15, 2020 |

829655_1

DEFENDANT HONOLULU CIVIL SERVICE COMMISSION'S REPLY TO [DN 34] PLAINTIFF'S OPPOSITION TO [DN 21] DEFENDANT HONOLULU CIVIL SERVICE COMMISSION'S MOTION TO DISMISS

Defendant City & County of Honolulu Civil Service Commission ("Commission"), by and through its attorneys, Clare E. Connors, Attorney General, State of Hawaii, and Deputy Attorneys General James E. Halvorson and Richard H. Thomason, hereby submits its reply to Plaintiff's memorandum in opposition to the Commission's motion to dismiss.

In its motion, the Commission raised four distinct, free-standing arguments as to why this complaint should be dismissed: Quasi-judicial Immunity, Judicial Estoppel, Issue Preclusion, and Municipality Immunity.

I.    ARGUMENT

    A.    QUASI-JUDICIAL IMMUNITY

In his opposition Plaintiff, fails to address what is arguably the most robust of the four arguments with specific respect to the Commission, namely that it has quasi-judicial immunity from suits of this nature. The Commission devoted more pages of argument to this subject than the other three defenses combined, all of which Plaintiff didn't even reference, much less contest.

Failing to oppose the Commission's stated assertion is grounds to deem it admitted.

In Breast Care Center of Hawaii LLC, v Fujifilm Med. Sys., USA Inc. No. CV 17-443 JAO-WRP, 2019 WL 2146244 (D). Haw. May 16, 2019, Judge Otake noted at page 4, Section III, Para. 1 of her decision, as follows:

> Fujifilm moves for summary judgment on all of BCCH's claims and on its own breach of contract counterclaim. By failing to oppose many of Fujifilm's arguments for summary judgment, BCCH waived those issues. Shakur v. Schriro, 514 F.3d 878, 892 (9th Cir. 2008) ("We have previously held that a plaintiff has 'abandoned ... claims by not raising them in opposition to [the defendant's] motion for summary judgment.' " (quoting Jenkins v. Cty. of Riverside, 398 F.3d 1093, 1095 n.4 (9th Cir. 2008))); Abogados v. AT&T, Inc., 223 F.3d 932, 937 (9th Cir. 2000); Packnett v. Gomez, 182 F.3d 926 (9th Cir.1999); see also Ramirez v. Ghilotti Bros. Inc., 941 F.Supp.2d 1197, 1210 n.7 (N.D. Cal. 2013).

Furthermore, any attempt to posit an opposition to the Commission's defense in oral argument would constitute impermissible new argument. As such, the Court has discretion to forego oral argument and rule on the merits of the Commission's judicial immunity defense forthwith.

B.   JUDICIAL ESTOPPLE

Plaintiff also does not appear to directly address the Commission's argument that he is judicially estopped from collaterally attacking the circuit court's final judgment affirming the Commission's decision and award. Though Plaintiff does raise the new (and quite novel) argument that Judge Ashford actually *granted* his claim for back pay, it is nevertheless the case that he is asserting in this suit that the decision and award affirmed by Judge Ashford is so completely inadequate that it violates his civil rights.

Simply put, Plaintiff cannot have it both ways. If his new argument is accurate, then why are we here? And, if his new claim is not accurate, then Plaintiff is judicially estopped from collaterally attacking the circuit court's final judgment affirming the Commission's decision and award. In his opposition, Plaintiff does not contest the latter assertion made by the Commission, and it should therefor be deemed to be admitted.

C.   ISSUE PRECLUSION

Plaintiff's new argument *does* appear to directly address the Commission's issue preclusion claim, however, not only is the argument factually erroneous on its face (the Commission's decision and award was affirmed, not modified) but even if we assume for the sake of argument that Judge Ashford did indeed grant Plaintiff's back pay request by way of his final judgment denying DPR's appeal, then, absent a remand (which never occurred) there would be nothing more for the Commission to actually *do* in the case from that point on, no matter how many letters Plaintiff wrote.

On the contrary, Plaintiff should have been making his novel argument to Judge Ochiai in Civ. No. 19-1169-07, instead of dragging the Commission into a maladroit federal lawsuit by way of a complaint that does not even contain the allegation that Judge Ashford actually granted Plaintiff's request for back pay.

Plaintiff repeatedly argues that the Commission's motion should be denied in order for him to submit evidence and facts to support his three causes of action (only the first of which still applies to the Commission) but there are really no material disputed facts in this case as it relates to the Commission.

It is true the Plaintiff did not request that the Commission grant back pay.

It is also true that the Commission's November 27, 2018 decision and award did not in fact award back pay, but did provide all of the remedies Plaintiff requested.

It is true that Plaintiff did not appeal this aspect of the Commission's decision and award despite the existence of Section 8-10 of the Rules of the Director, and despite the fact that the Commission did not respond to his November 29, 2018 *ex-parti* letter requesting back pay.

It is true that Plaintiff filed a seven page Answer to Defendant DPR's appeal of the Commission's decision and award wherein he stated the following:

> The situation and Instances leading up to my termination within 4 days that I was physically present at Ala Moana Beach park needs to be expressed so that it may be fully understand that I was discriminated against. **Therefore the Civil Service Commission's ruling should stand.** (Commission Exhibit G-006, emphasis added).

Finally, it is true that Plaintiff concluded his Answer with the following statement:

> My **only requests** after having endured all the turmoil I went through was to be transferred, with justice meaning being offered the same opportunities as the next person **and to receive lost wages** taken away from me, <u>**along with a Department Investigation**</u> of Ala Moana Beach's Management **and their procedures** when found **to be a detriment to the City and County of Honolulu DPR <u>should correct it</u>,** so that no one else in the future will have to go through the discrimination put upon me. (Commission exhibit G-007, emphasis added)

There is no evidence in the record that anyone, least of all Judge Ashford, interpreted the above densely packed sentence to constitute a request by Plaintiff for either a remand, or a modification of the Commission's decision and award to include a *multitude* of new remedies in addition to back pay. However, even if the court *did* think thusly, the fact remains that Judge Ashford affirmed the Commission's decision and award without modification. No amount of putative "evidence" that the Commission mistreated Plaintiff by not responding to his letters can change this fundamental reality.

And, not to beat a dead horse too much, nor, would such evidence be sufficient to pierce the Commission's quasi-judicial immunity from suits of this nature, which, as noted previously, applies no matter how "erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Ashelman v. Pope,* 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) (citing *Cleavinger v. Saxner,* 474 U.S. 193, 199–200 (1985) (quotations omitted)). Once again, judicial immunity is not affected "by the motives with which their judicial acts are performed." *Id.* at 1077–78. Judicial immunity is immunity from suit, not

just from ultimate assessment of damages. *Mireles v. Waco,* 502 U.S. 9, 11 (1991), "Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Id.*

Judicial immunity "is not limited to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief." *Moore v. Brewster,* 96 F.3d 1240, 1243 (9th Cir. 1996), *superseded by statute on other grounds.*

The public policy that underlies judicial immunity is the furtherance of independent and disinterested judicial decision making. *Ashelman,* 793 F.2d at 1078. To effectuate this policy, the Ninth Circuit broadly construes the scope of judicial immunity, which applies even if there are allegations that a judicial decision resulted from a bribe or a conspiracy. *Id.*

    D.    MUNICIPAL LIABILITY

Plaintiff made no reply of any kind to the Commission's claim that respondeat superior cannot be applied to a municipality in this instance.

II.    CONCLUSION

Even if one construes every, single inference in Plaintiff's favor, and treats all allegations against the Commission as if they were true, Plaintiff has nevertheless failed to state a case against the Commission upon which relief can be granted.

Moreover, such is the case even *before* one takes into account that Plaintiff must be deemed to have admitted that the Commission has quasi-judicial immunity from the allegations contained in the complaint, and that judicial estoppel applies.

DATED:  Honolulu, Hawaii, June 2, 2021.

/s/ Richard H. Thomason
JAMES E. HALVORSON
RICHARD H. THOMASON
Deputy Attorney General

Attorneys for Defendant
HONOLULU CIVIL SERVICE
COMMISSION
